PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS



United States District
Southern District of Texas
FILED

APR 30 2020

David J. Bradley, Clerk of Court

## IN THE UNITED STATES DISTRICT COURT

FOR THE ___SOUTHERN___ DISTRICT OF TEXAS

___AT HOUSTON___ DIVISION

## PETITION FOR A WRIT OF HABEAS CORPUS BY
## A PERSON IN STATE CUSTODY

COREY LAMONT BLAYLOCK

PETITIONER
(Full name of Petitioner)

vs.

LORIE DAVIS, DIRECTOR

RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

TDCJ- W.J. ESTELLE UNIT

CURRENT PLACE OF CONFINEMENT

680983

PRISONER ID NUMBER

CASE NUMBER
(Supplied by the District Court Clerk)

### INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

Rev. 09/10

5.   Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6.   Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7.   Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8.   Failure to notify the court of your change of address could result in the dismissal of your case.

## PETITION

**What are you challenging?**  (Check all that apply)

☒   A judgment of conviction or sentence,          (Answer Questions 1-4, 5-12 & 20-25)
     probation or deferred-adjudication probation.
☐   A parole revocation proceeding.                (Answer Questions 1-4, 13-14 & 20-25)
☒   A disciplinary proceeding.                     (Answer Questions 1-4, 15-19 & 20-25)
☐   Other: _____                         (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
Note: In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1.   Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: Dallas County

     Criminal District Court, of the 291st. Judicial District

     Court, Dallas County, Texas

2.   Date of judgment of conviction: July 19th, 1994

3.   Length of sentence: "Life" and FOUR (4) years sentence

4.   Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: Capital Murder F-93-42722-U;

     F-94-01792-U

Rev. 09/10

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.  What was your plea? (Check one)   ☒ Not Guilty     ☐ Guilty        ☐ Nolo Contendere

6.  Kind of trial: (Check one)    ☒ Jury        ☐ Judge Only

7.  Did you testify at trial?   ☒ Yes    ☐ No

8.  Did you appeal the judgment of conviction?   ☒ Yes    ☐ No

9.  If you did appeal, in what appellate court did you file your direct appeal? `Fifth District`
    `Court of Appeals at Dallas`  Cause Number (if known): _____

    What was the result of your direct appeal (affirmed, modified or reversed)? `Affirmed`

    What was the date of that decision?  `February 12th, 1997`

    If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

    Grounds raised: _____

    _____

    Result: _____

    Date of result: _____   Cause Number (if known): _____

    If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

    Result: _____

    Date of result: _____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal?  This includes any state applications for a writ of habeas corpus that you may have filed.   ☒ Yes    ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: `Texas Court of Criminal Appeals at Austin`
    `Petition for Discretionary Review;`
    Nature of proceeding: `Texas Code of Criminal Procedure Art. 11.07` Habeas Corpus

    Cause number (if known): _____

    Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-

Rev. 09/10

stamped date from the particular court: _____

Grounds raised: _____

_____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

As to any second petition, application or motion, give the same information:

Name of court: _____

Nature of proceeding: _____

Cause number (if known): _____

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court:

_____

Grounds raised: _____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12.   Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?        ☐ Yes     ☒ No

   (a)   If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____

   _____

   (b)   Give the date and length of the sentence to be served in the future: _____

   _____

   (c)   Have you filed, or do you intend to file, any petition attacking the judgment for the

Rev. 09/10

sentence you must serve in the future?     ☐ Yes   ☒ No

**Parole Revocation:**

13.    Date and location of your parole revocation: _____

14.    Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?     ☐ Yes     ☐ No

If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15.    For your original conviction, was there a finding that you used or exhibited a deadly weapon?
☒ Yes     ☐ No

16.    Are you eligible for release on mandatory supervision?   ☐ Yes     ☒ No

17.    Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:
W.J. Estelle Unit

Disciplinary case number: 20190212944

What was the nature of the disciplinary charge against you? Offense Code 30.2

18.    Date you were found guilty of the disciplinary violation: May 9th, 2019

Did you lose previously earned good-time days?   ☐ Yes   ☒ No

If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:

_____

Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
Commissary 30 Days Restriction:Cell Restriction 30 Days;

OTS(Days) 30;Reduction in Class S3 to L1; Visition Suspension

(permanently)

19.    Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
☒ Yes     ☐ No

If your answer to Question 19 is "Yes," answer the following:

Step 1 Result: _____ Grievance # 2019123574 was denied/ lost in mail

Date of Result: _____

Step 2 Result: Grievance #2019123574 was denied/ lost in mail

Date of Result: _____

**All petitioners must answer the remaining questions:**

20.  For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A.   **GROUND ONE:** PETITIONER'S DUE PROCESS WAS VIOLATED DUE TO FALSE

EVIDENCE AND FALSE TESTIMONY

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner claims that the finding of the disciplinary Officer were based

on flawed false evidence and testimony of charging Officer stating

that a handwriting analysis conducted by staff certified in that area.

But a certified analysis would only be able to analyse the original

document and not a faxed document.   [SEE MEMORANDUM]

B.   **GROUND TWO:** PETITIONER'S FIFTH AMENDMENT RIGHT WHERE VIOLATED DUE

TO THE CONFISCATION OF HIS TRIAL TRANSCRIPTS AND PERSONAL MAIL

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner's Trial Transcripts and Personal Mail was confiscated from

Petitioner's cell in order for charging Officer to try to build a case

against Petitioner and these idems were never returned to said Petitioner.

This has delayed Petitioner from moving forward on his 2254 Petition

for his criminal case.   [SEE MEMORANDUM]

Rev. 09/10

C. **GROUND THREE:** PETITIONER'S EIGHTH AMENDMENT RIGHTS WHERE VIOLATED BY REMOVAL OF PETITIONER'S FAMILY FROM HIS VISITORS LIST ILLEGALLY

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Petitioner cites cruel and unusual punishment by Charging Officer retaliating against him by illegally having Petitioner's Family members removed from his visitatin list. Petitioner's Mother and Daughter were removed from his list because he failed to cooperate with Charging Officer's investigation.     [SEE MEMORANDUM]

D. **GROUND FOUR:** PETITIONER'S 6TH AMENDMENT RIGHTS HAVE BEEN VIOLATAED DUE TO THE FACT HE WAS DENIED ADEQUATE ASSISTANCE OF COUNSEL

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Petitioner's right to adequate assistance of Substitute Counsel in disciplinary procedures is a protected right under the 6th Amendment, Petitioner informed Counsel Substitue of the facts of discrepancies in Offense Report dealing with the date and place of supposed possession cite. Counsel Substitute did not follow up on the investigation.  [SEE MEMORANDUM]

21. Relief sought in this petition: Petitioner is seeking to have disciplinary case removed from his records, his Family returned to his visitation list, and his Transcripts and Personal Mail returned to him so that he may be able to move forward with his criminal case, and that the cost of this Petition be handled by Respondent.  [SEE MEMORANDUM]

22.  Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?   ☐ Yes   ☒ No
If your answer is "Yes," give the date on which <u>each</u> petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_____

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?   ☐ Yes   ☐ No

23.  Are any of the grounds listed in question 20 above presented for the first time in this petition?
☒ Yes   ☐ No

If your answer is "Yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

Discplinary hearing due process violation 05-09-2019

#20190212944

_____

24.  Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☒ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed._____

_____

25.  Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a)  At preliminary hearing: _____

(b)  At arraignment and plea: _____

(c)  At trial: _____

(d)  At sentencing: _____

(e)  On appeal: _____

(f)  In any post-conviction proceeding: _____

Rev. 09/10

(g)      On appeal from any ruling against you in a post-conviction proceeding: _____

_____

**Timeliness of Petition:**

26.     If your judgment of conviction, parole revocation or disciplinary proceeding became final over
        one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. §
        2244(d) does not bar your petition.[1]

`Disciplinary hearing Date Disposition 05-09-2019`

`AEDPA Expiration Date 05-09-2020`

_____

_____

_____

_____

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. §
2244(d), provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person
        in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest
        of –

   (A)      the date on which the judgment became final by the conclusion of direct review or the
            expiration of the time for seeking such review;

   (B)      the date on which the impediment to filing an application created by State action in
            violation of the Constitution or laws of the United States is removed, if the applicant was
            prevented from filing by such State action;

   (C)      the date on which the constitutional right asserted was initially recognized by the Supreme
            Court, if the right has been newly recognized by the Supreme Court and made
            retroactively applicable to cases on collateral review; or

   (D)      the date on which the factual predicate of the claim or claims presented could have been
            discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review
        with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
        limitation under this subsection.

Rev. 09/10

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____

Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

_April 29th, 2020_____ (month, day, year).

Executed (signed) on _April 29th 2020_____ (date).

_____

Signature of Petitioner (required)

Petitioner's <u>current</u> address: ___W.J. Estelle Unit; 264 FM 3478 Rd.; Huntsvill, Texas

77320_____

Rev. 09/10