
| | | |
|---|---|---|
| COREY LAMONT BLAYLOCK<br>PETITIONER | § | IN THE UNITED STATES DISTRICT |
| | | COURT FOR THE SOUTHERN DISTRICT |
| vs. | § | AT HOUSTON DIVISION |
| LORI DAVIS, DIRECTOR of TDCJ<br>RESPONDENT | § | |
| | § | |

## PETITIONER'S MEMORANDUM IN SUPPORT OF PETITION WRIT OF HABEAS CORPUS §2254

TO THE HONORABLE FEDERAL COURT:

Petitioner Corey LaMont Blaylock, Pro se files this Memorandum in support of §2254 Habeas Corpus and would show this Honorable Federal Court the following:

### I.
### HISTORY OF CASE

Petitioner, Corey LaMont Blaylock, was accused, charged, in TDCJ-W.J. Estelle Unit Disciplinary Court, for the offense of possess of contrand, namely, a New Qur'an which is an item that unreasonablly hinders the safe effective operations of the unit by providing a Qur'an as a personal gift to a nurse. Did establish an inappropriate relationship which compromised the effectiveness of the employee by providing personal information to the nurse.

### II.
### ALLEGATIONS AND CLAIMS

Petitioner, herein claims that for Constitutional errors no rational minded trier of fact[s] beyond a reasonable doubt of the existence of every element of the offense would find Petitioner guilty. And that he has been denied his United States Constitutional right[s] to Due Process.

### III.
### GROUND ONE

Petitioner's Due Process was violated due to false evidence and false testimony:

Petitioner was locked-up April 30th, 2019, in PHD (PRE-Hearing Detention) Unit Infirmary's PHD Logs will support. Charging Officer stated on his Offense Report that on May 1st, 2019, at 10:00 a.m. at W.J. Estelle's STG (Security Theat Group) Office, Petitioner did possessed contraband, namely a New Qur'an.

[1]

Petitioner was in lock-up on May 1st, 2019, and had been since April 30th, 2019. The DHO (Disciplinary Hearing Officer), and Counsel Substitute had been made aware of this fact on May 6th, 2019, when they called Petitioner out for Major Court. The DHO postponed the hearing so that the Counsel Substitute could check the Infirmary PHD Log's and Unit Camera[s] footage for April 30th, 2019, around 10:00 a.m.. Petitioner was called back to Major Court on May 9th, 2019, for Disciplinary Hearing, the Charging Officer Ortiz, was called and asked about the offense in question. The DHO continued with the False Offense knowing that the Offense Report and evidence was false. The DHO and Counsel Substitue had the Charging Officer to change his statement on the recording now saying that he took Petitioner to the Field Office, yet the false information was still on the Offense Report clearly False Evidence. As well as the date on the Offense Report May 1st, 2019, its hard to be in two places at once. The DHO and Counsel Substitute both had knowledge that Petitioner was in PHD at the time and date in question, false evidence.

  The false testimony in this case was that the Charging Officer Ortiz, stated "that a analysis was used to make a case against Petitioner" yet on physical evidence was provided at the hearing to let the records reflect Officer Ortiz's, claims. there was no burden of proof to substantiate a finding of guilt. False Testimony, the claim of a handwriting analysis can only be used if there is documentation of a original handwritten document, citing insufficient evidence a violation of Due Process.[SEE] JACKSON v. VIRGINIA(cite as 99 S.Ct. 2781[1979]) at 2791 [9] The constitutional issue presented in this case is far different from the kind of issue that was the subject of Court's decision in STONE v. POWELL, supra :The question whether a defendant has been convicted upon inadequate evidence is central to the basic question of guilt or innocence. The constitutional necessity of proof beyond a reasonable doubt is not confined to those defendants who are morally blameless. E.g., MULLANEY v. WILBUR,421 U.S., at 697-698, 95 S.Ct., at 1888-1889 (requirement of proof beyond a reasonable doubt is not "limit[ed] to those facts which, that if not proved, would wholly exonerate" the accused). Under our system of Criminal Justice even a thief is entitled to ccomplain that he has been unconstitutionally convicted and imprisoned as a burglar. In Justice Stewart's opinion of the Court in Jackson, he stated "We hold that in a challenge to a state criminal conviction brought under 28 U.S.C.§2254 - if the settled procedural prerequisites for such a claim have otherwise been satisfied- the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact[s] could have found proof of guilt beyond a reasonable doubt". In Petitioner Blaylock's case the substance of evidence cited by the DHO

hearing Officer to support the guilty finding, falls short of Due Process requirement of some evidence which was based on flawed analysis and there were no facts that would support finding of guilt. Making the disciplinary decision arbitrary and capricious and the hearing did not meet the requirements of minimal due process. In other words Petitioner was found guilty because the Charging Officer took the time to file Offense Report. In order to obtain habeas relief on False Testimony grounds, Petitioner must show:(1) That evidence was false; (2) the evidence was material and; (3) the Prosecution [Hearing Officer] knew that. Due Process must be recognized in all Courts of Law, even in Kangaroo Courts.

IV.
GROUND TWO

Petitioner's 5th Amendment right[s] where violated due to the confiscation of his Trial Transcripts and Personal Mail:

Petitioner's Trial Transcripts and Personal Mail was confiscated from his cell during a Special Response Team shake-down on April 17th, 2019. Petitioner asked one of the Response Team Officers' why were they confiscating his Legal Mail and Personal Mail, the Response Team Officer's response was that Petitioner should write an I-60 Request to the STG(Security Threat Group) Office to get my property back. On April 19th, 2019, Petitioner sent STG a notification by I-60 Request to STG for the return of Petitioner's Legal Personal property within five (5) days. The STG Officer Supervisor failed failed to respond, Petitioner's confiscated property was not returned. On April 26th, 2019, Petitioner sent a second I-60 Request concerning his Legal and Personal property, once again there was no response from the STG Officers'. Sue Process Constitutional Law under the 5th Amendment requires that a State may not deprive a person of life, liberty, or property without due process of law, this protects the individual against arbitrary action[s] of Government. Petitioner has a claim in examing due process questions under the Federal Constitution's 5th Amendment, a court follows a two-step process in which the first-step asked whether there exists a liberty or property interest which has been interfered with by the State, and the second step examines whether the procedures attendant upon that deprivation are constitutionally sufficient; to constitute a liberty or property interest for 5th Amendment purposes. An interest must rise to more than a unilateral hope; and an individual claiming a protected interest must have a legitimate claim of entitlement to it. Petitioner has a constitutional right to seek his freedom, yet confiscation

of his Transcripts interferes with that liberty interest violating his 5th Amendment Rights to pursue that liberty interest. A liberty interest protected under the Federal Constitution's 5th Amendment may arise from the 5th Amendment's due process clause itself or from the law of the State. TDCJ has policies in place that should be inforced by the agency, under PD-22 Rule 32: Destroying Evidence or Giving False Testimony or Information violation Level 2 [states in part] An employee shall not destroy confiscated property, contraband, or other such items. Petitioner seeks the return of his Transcripts and Personal Mail.

V.

## GROUND THREE

Petitioner's 8th Amendment right[s] where violated by illegal removal of Petitioner's Family from his visitors list:

Petitioner cites violation of his 8th Amendment right[s] cruel and unusual punishment when Charging Officer retaliated against Petitioner by illegally removing his family members from his visitation list due to him not cooperating and signing false statements in Charging Officer's investigation. A State creates a liberty interest protected under the Due Process clause of the Federal Constitution by placing substantive limitations on official discretion; thus, state regulations establishing "Specific Substantive Predicates" to govern official decision making and using explicitly mandatory language in connection with the establishment of these specific substantive predicates to limit discretion, create a liberty interest protected under the 8th Amendment. Texas Department of Criminal Justice (TDCJ) has policies for the agency on all levels with mandatory regulatory language within the institution. These policies where put in place so that no official or officials would have the power to abuse discretion. In the Texas Department of Criminal Justice Offender Orietation Handbook(I-202 rev. February 2017) Page 100, Section L. Denial of Visits/Visitors: Policy states:(1) When there is reason to believe that a forthcoming visit, or a particular visitor, may compromise the safety and security of offenders, staff or the unit, the duty warden or designee have the authority to cancel the visit or deny a particular individual permission to visit on that day. In addition, the duty waden or the UCC may remove an individual's name from an offender's visitors list when tyhere is cause to believe the visitor may compromise the security of the unit or safety of offenders and staff. (2) The specific reasons for cancelling a visit, denying a visitor or removing a visitor from an offender's visitors list shall be documented on the TDCJ Offender Visitation Denial Form and the Denial Log.

[4]

A copy of the TDCJ Offender Visitation Denial Form shall be provided to the denied visitor and the offender, and the original shall be filed in the offender's unit file. (3) A visitor shall be denied permission to visit and may have the visitor's name removed from the Offender's Visitation list if, the visitor: (a) Appears to be under the influence of drugs or alcohol; refuses or fails to produce identification or falsifies identification information; (c) refuse to be searched or refuses to allow the vehicle to be searched; (d) Misrepresents the relationship; or (e) Knowingly violates any TDCJ Visitation rule.

[ALSO] Page 101 Section: N. Suspension of General Visits: states- Loss of general visitation priviledges cannot be imposed as a punishment upon conviction for a disciplinary violation. However, general visitation priviledges shall be suspended while offenders on lockdown status in accordance with AD-03.31[Administration Directory 03.31], "Unit Lockdown Procedures". Charging Officer illegally had Petitioner's family members removed due to Petitioner's refusual to sign a false statement against former staff member. Petitioner claims that Charging Officer violated his 8th Amendment right[s] to due process, his family had nothing to do with Petitioner's disciplinary infraction. Charging Officer retaliated with threats of removing family members and Petitioner would never see them again. Clearly Policy of the TDCJ institution family illegally removed from Petitioner's visitation list. The policies mandatory language has been compromised, creating a liberty interest protected under the 8th Amendment. The policy states that offenders and the visitors shall (specific substantive predicated) notified with copies of the TDCJ Offender Visitation Denial Forms. Petition nor his family has received such documentation to this day. Policy states reason[s] for removal, Petitioner's family has not violated any such rules of the institution. Policy also states that Petitioner's visitation priviledges cannot be imposed as a punishment upon conviction for a disciplinary violation, Petitioner turns to this Honorable Federal Court to insure that his 8th Amendment Constitutional Right[s] will be protected from an Abuse of Descretion and Cruel and Unusual Punishment.

VI.

GROUND FOUR

Petitioner's 6th Amendment rights have been violated due to the fact that he was denied adequate assistance of counsel:

On May 2nd, 2019, Petitioner was served a Major Disciplinary case and was called to Major Court on May 6th, 2019, meeting his Counsel Substitute for the first time. Petitioner informed Counsel Substitute that the Offense Report was a false report, on the date in question and place

in question, Petitioner was already in PHD (Pre-Hearing Detention). Petitioner also informed Counsel Substitute that if she would check the Infirmary PHD Logs and review Unit Cameras for April 30th, 2019, the facts would be in Petitioner's favor. Counsel Substitute had DHO (Disciplinary Hearing Officer) to postpone the hearing. Under the Constitution's 6th Amendment Petitioner has a right to seek assistance in the preparation of his defense, and must and must be entitled to have it. On May 9th, 2019, Petitioner was called back to disciplinary hearing, Counsel Substitute did not have copies of any of the evidence that Petitioner informed her about on his defense. A Counsel Substitute should be able to provide sufficiently effective assistance to satisfy due process. A person's liberty is equally protected, even when the liberty itself is a statutory creation of the state. The touchstone of due process is protection of the individual against arbitrary action of government. Counsel Substitue had knowledge that Charging Officer used falsified evidence, falsified testimony, and that the Offense Report was not corrected in order to proceed with the disciplinary case. Counsel Substitute fell short of her ministerial duty, where the complexity of the issue makes it unlikely that the Offender will be able to collect and present the evidence necessary for a adequate comprehension of the case, he should be free to seek adequate Counsel Substitute aid that would preserve his Constitutional Right[s] under the 6th Amendment.

## RELIEF REQUESTED

Wherefore, Premises, Considered, Petitioner, Respectfully moves the Federal Court, and request that an order be rendered that in the best interest of justice that Petitioner's disciplinary records be cleared of case in question, his family returned to his visitation list, and Petititioner's Transcripts and Personal Mail be returned, and that Respondent handle cost of this Petition.

## PRAYER
(Added)

I declare verify under penalty of perjury that the foregoing is true and correct and that this Petition for Memorandum in support of Writ of Habeas Corpus 28 U.S.C. §2254.

April 29th, 2020
DATE

Respectfully Submitted